UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARCIMEO MERINO CANDELARIA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>TRISTAN LEMON, Warden,<br><br>　　　　　　Respondent. | No. 1:24-cv-01510-SKO (HC)<br><br>**ORDER DIRECTING PETITIONER TO AMEND THE PETITION TO DELETE UNEXHAUSTED CLAIMS, OR REQUEST DISMISSAL OF PETTION WITHOUT PREJUDICE**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition on December 11, 2024, challenging a 2022 conviction in Kern County Superior Court for numerous sex offenses. Upon review of the petition, it is clear it is a mixed petition containing unexhausted claims. Therefore, the Court will DIRECT Petitioner to amend the petition to delete the unexhausted claims, or request dismissal of the petition without prejudice so he may return to state court to exhaust his state remedies.

**DISCUSSION**

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing*

>*federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raises ten claims in his petition. Only the first two claims have been exhausted in the state courts. Claims three through ten were only recently presented to the Kern County Superior Court by habeas petition.  The instant petition is therefore a mixed petition containing exhausted and unexhausted claims. Petitioner must be given the option of exhausting the unexhausted claims by returning to state court, or abandoning the claims and pursuing only the exhausted claims in this Court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1191 (9th Cir. 2014).

**ORDER**

For the foregoing reasons, within thirty (30) days of the date of service of this order, Petitioner SHALL either: 1) AMEND the petition to delete the unexhausted claims, **or** 2) REQUEST dismissal of the petition without prejudice so he may return to state court to exhaust the unexhausted claims.  Failure to comply with this order will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated:   **December 13, 2024**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE